**IN THE UNITED STATES DISTRICT COURT**
**FORT THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIN J. THOMPSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:20-cv-321 |
| v. | : | |
| | : | Judge _____ |
| LIQUIBOX CORPORATION, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Liqui-Box Corporation ("Liqui-Box") hereby gives notice of its removal of this action from the Ashland County, Ohio, Court of Common Pleas, to the United States District Court for the Northern District of Ohio, Eastern Division. As grounds for removal, Liqui-Box states as follows:

1.      On April 5, 2018, Plaintiff Christin J. Thompson commenced a civil action against Liqui-Box in the Ashland County, Ohio, Court of Common Pleas, styled Case No. 20-CIV-008. A copy of the Summons and the Complaint were served on Liqui-Box on January 16, 2020. These documents, together with the Proofs of Service, and all other process, pleadings, and orders from this case, are attached as Exhibit A.

2.      A copy of this Notice of Removal, with accompanying exhibit, and a Notice to State Court of Removal, are being served upon Plaintiff's attorney and will be filed with the Clerk of the Ashland County, Ohio Court of Common Pleas promptly after the filing of this Notice of Removal with this Court, in accordance with the provisions of 28 U.S.C. § 1446(d).

3.      This case is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446 in that it is an action between citizens of different states wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      Plaintiff is the sole identified plaintiff in this action. Upon information and belief, at the time, and since, this action was commenced, Plaintiff has been a resident of the State of Ohio and her residence is currently located in Ohio. (Exhibit A). At the time, and since, this action was commenced, Liqui-Box has been incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Virginia. As a result, Liqui-Box, the sole defendant in this case, is a citizen of Virginia, and there is complete diversity of citizenship.

5.      This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Plaintiff claims several categories of damages, including lost income, compensatory damages, punitive damages, attorneys' fees, and costs. (*Id.* at 5). In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. § 1332(a), a court must consider the aggregate value of claims for compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted). For purposes of removal, a defendant must establish that the amount in controversy is "more likely than not" in excess of $75,000. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). Plaintiff claims her damages include lost income, and that she was paid an hourly wage of $18.05 "plus shift differential plus benefits." (Exhibit A at 3).  Assuming that Plaintiff was only paid for a standard full-time schedule (2,080 hours per year), she earned $37,544 annually, excluding any benefits, shift differential, or overtime

payments. Because Plaintiff was terminated on April 28, 2019, and because a trial would reasonably be expected to take place in or around April of 2021, an estimation of the alleged backpay damages that Plaintiff seeks in her lawsuit alone would amount to over $73,000. Further, because Plaintiff also seeks, *inter alia*, punitive damages in her suit, it is "more likely than not" that the total amount in controversy exceeds $75,000, exclusive of interest and costs as required by 28 U.S.C. § 1332(a).[1] (Exhibit A); *see Gafford*, 997 F.2d at 158; *see also Funderwhite v. Local 55, United Ass'n, No. 16-3959*, 2017 U.S. App. LEXIS 13527, at *5 (6th Cir. July 24, 2017) (federal courts have jurisdiction over "civil actions between citizens of different states where the amount in controversy exceeds $75,000").

6.      This is a civil suit brought in the Court of Common Pleas for Ashland County, Ohio. Under 28 U.S.C. §§ 115(b)(2) and 1441(a), the United States District Court for the Northern District of Ohio, Eastern Division is the proper forum for removal.

7.      This case was served on Liqui-Box on January 16, 2020. (Exhibit A).  Thus, fewer than thirty (30) days have elapsed since the Complaint was served on Liqui-Box. 28 U.S.C. § 1446(b). Additionally, less than one year has passed since Plaintiff commenced this action on January 14, 2020. (Exhibit A); 28 U.S.C. § 1446(c)(1).

8.      This Notice of Removal has been signed by counsel for Liqui-Box in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

---

[1] Liqui-Box's estimation of damages alleged and sought by Plaintiff in the Complaint in no way acknowledges that Plaintiff is entitled to such types or amounts of damages. Rather, for purposes of determining whether the amount in controversy is reached, Defendant is merely considering Plaintiff's allegations without regard to the legitimacy of her claims or entitlement to such damages. Further, Liqui-Box explicitly denies that Plaintiff is entitled to any penalties, fees, costs, expenses, damages, interest, or other relief whatsoever.

WHEREFORE, Liqui-Box respectfully requests that the action now pending in the Ashland County, Ohio, Court of Common Pleas be removed to this Court in accordance with the foregoing statutory provisions.

Respectfully submitted,

*/s/  Kirk M. Wall*

Kirk M. Wall (#0013297)
H. Devon Collins (#0095657)
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Ste. 300
Columbus, OH  43215-5134
Phone: (614) 628-6880  Fax:  (614) 628-6890
E-mail:    kirk.wall@dinsmore.com
             devon.collins@dinsmore.com

*Attorneys for Defendant Liquibox Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the Court's electronic filing system.

In addition, the undersigned hereby certifies that on this 13th day of February, 2020, a copy of the foregoing was served via electronic and regular U.S. mail, postage pre-paid, upon:

Michael T. Conway, Esq.
Michael T. Conway and Company
3456 Sandlewood Dr.
Brunswick, Ohio 44212
(330) 220-7660
xray2alpha@aol.com


*/s/  H. Devon Collins*
An Attorney for Defendant